UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOEL PAUL REESMAN,<br><br>       Petitioner,<br><br> v.<br><br>JAMES R. KEY,<br><br>       Respondent. | No. C16-5925 BHS-KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: December 30, 2016** |

On November 2, 2016, Petitioner Joel Paul Reesman filed a petition for writ of habeas corpus, along with the $5.00 filing fee. Dkt. 1. The same day, Mr. Reesman filed a motion for leave to proceed *in forma pauperis* (IFP). Dkt. 2. Because Mr. Reesman has paid the filing fee, the Court should deny the IFP application.

**DISCUSSION**

A district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. See 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an IFP application. *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963), cert. denied, 375 U.S. 845 (1963). Because Mr. Reesman paid the $5.00 filing fee on November 2, 2016, therefore his IFP application is moot. The undersigned recommends that the Court deny Mr. Reesman's IFP application (Dkt. 2).

REPORT AND RECOMMENDATION - 1

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), Petitioner shall have fourteen (14) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed set this matter for consideration on **December 30, 2016**, as noted in the caption.

**DATED** this 13th day of December, 2016.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2