UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOEL PAUL REESMAN,

                Petitioner,

      v.

RON HAYNES,

                Respondent.

Case No. C16-5925-BHS

ORDER DENYING PETITIONER'S MOTION TO FULLY BRIEF CLAIMS AND GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME

On October 19, 2017, the Honorable Benjamin H. Settle issued an order declining to adopt the Report and Recommendation by the Honorable Theresa L. Fricke (Dkt. 23) because the Court found that Reesman's actual innocence claim has not been fully briefed or considered. Dkt. 25. Although the Government identified the claim in its motion to dismiss, it did not address the actual innocence exception to the statute of limitations. *See* Dkt. 15. Reesman raised the argument in his response, Dkt. 22 at 4-7, and the Government did not file a reply. Thus, the Court found that Reesman has raised an exception to a time-barred petition, which has not been responded to or otherwise considered. Dkt. 25.

The undersigned then ordered the Government to "submit a brief addressing the actual innocence exception to the statute of limitations" and set a timeline for that brief and the Petitioner's Response. Dkt. 26. Petitioner was to submit a response by December 27, 2017.

On October 29, 2017, Petitioner filed a motion asking that the Court permit him to "fully brief" two other exceptions to the statute of limitations, which he asserts he did not fully brief in

ORDER DENYING PETITIONER'S MOTION TO FULLY
BRIEF CLAIMS AND GRANTING PETITIONER'S
MOTION FOR EXTENSION OF TIME - 1

his Petition or response to the motion to dismiss. Dkt. 27. In particular, he asks for leave to expand his arguments that the AEDPA time bar should not apply because a mental illness made him not competent to plead guilty or stand trial and because the trial judge failed to *sua sponte* order a mental examination. The undersigned declines to order further briefing on these issues.

District Judge Settle declined to adopt the Report and Recommendation because Petitioner had raised the actual innocence issue and the Government failed to address that exception to the statute of limitations. Dkt. 25; *see* Dkt. 1, 15, 22; *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013). Judge Settle did not identify an outstanding issue with respect to Petitioner's competency to plead or the trial judge's failure to order a mental exam. Petitioner had the opportunity to brief those issues in responding to the Government's motion to dismiss—including whether they are exceptions to the statute of limitations—and he did so. *See* Dkt. 22 at 10-12. The undersigned considered those arguments in recommending that the Court find that the one-year statute of limitations under 28 U.S.C. 2244(d)(1) barred the petition and that no circumstances exist to justify equitable tolling. Dkt. 23. Petitioner does not identify a persuasive reason for this Court to order further briefing on the same issues. Accordingly, Petitioner's motion at Dkt. 27 is DENIED.

On November 21, 2017, the Government timely filed its brief on the actual innocence exception. On November 28, 2017, Petitioner filed a motion to extend the time allowed for his response until January 12, 2018. The Government has not responded to that motion. Accordingly, Petitioner's request is GRANTED. Petitioner shall have until January 12, 2018 to respond to the Government's supplemental briefing, Dkt. 28. The matter is re-noted for consideration beginning January 26, 2018.

ORDER DENYING PETITIONER'S MOTION TO FULLY
BRIEF CLAIMS AND GRANTING PETITIONER'S
MOTION FOR EXTENSION OF TIME - 2

Dated this 18th day of December, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING PETITIONER'S MOTION TO FULLY
BRIEF CLAIMS AND GRANTING PETITIONER'S
MOTION FOR EXTENSION OF TIME - 3