UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOEL PAUL REESMAN,

              Petitioner,

   v.

RON HAYNES,

             Respondent.

Case No. C16-5925 BHS-TLF

ORDER DECLINING TO RECUSE AND REFERRING PETITIONER'S MOTION TO RECUSE

This matter comes before the Court on Petitioner Joel P. Reesman's filing of an Affidavit of Prejudice in which he requests that Magistrate Judge Theresa L. Fricke recuse herself from this case. Petitioner cites an "inability to render fair judgement and prejudice in favor of the government" as justification for his request. Dkt. 31 at 1. The undersigned hereby finds and orders as follows:

On October 29, 2017, Petitioner Reesman filed a motion requesting that the Court permit him to "fully brief" two other exceptions to the statute of limitations, which he asserts he did not fully brief in his Petition or response to the motion to dismiss. In particular, the petitioner asked for leave to expand his arguments that the AEDPA time bar should not apply because a mental illness made him not competent to plead guilty or stand trial and because the trial judge failed to *sua sponte* order a mental examination. Dkt. 27. The undersigned denied this motion because Petitioner did not identify a persuasive reason for this court to order further briefing on the same issues he had already addressed. Dkt. 30.

ORDER DECLINING TO RECUSE AND REFERRING
PETITIONER'S MOTION TO RECUSE - 1

Shortly after this Court denied Petitioner's request for further briefing, Petitioner filed an Affidavit of Prejudice in which he requests the recusal of Magistrate Judge Theresa L. Fricke. Petitioner contends that the undersigned is prejudiced in favor of the government and thus unable to render a fair judgment and alleges that "there is no proof anywhere that Judge Fricke considered any of his claims ever." Dkt. 31 at 2. Petitioner alleges that Judge Theresa L. Fricke should recuse herself under 28 U.S.C. § 144.

A judge of the United States shall disqualify herself from a proceeding in which her impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). In addition, a judge of the United States shall disqualify herself under circumstances where she has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Normally, a judge should not be recused when the only basis for the motion to recuse is that the judge made adverse rulings in the case where the party seeks disqualification of the judge. *Liteky v. U.S.,* 510 U.S. 540, 555 (1994); *In re Marshall,* 721 F.3d 1032 (9th Cir. 2013).

Pursuant to 28 U.S.C. § 144, a judge shall proceed no further "whenever a party to any proceeding in a district court files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [the filing party] or in favor of any adverse party." In addition, 28 U.S.C. § 455 reiterates the "grounds for recusal set forth in § 144 . . . [and] (1) made them applicable to *all* justices, judges, and magistrates (and not just district judges), and (2) placed the obligation to identify the existence of those grounds upon the judge himself, rather than requiring recusal only in response to a party affidavit." *Liteky,* 510 U.S. at 548 (emphasis in original). Under both §144 and § 455, recusal of a federal judge is appropriate for either actual bias or appearance of bias, if "a reasonable person with knowledge

of all the facts would conclude that the judge's impartiality might reasonably be questioned."
*Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective test.
*Preston v. United States,* 923 F.2d 731, 734 (9th Cir. 1992).

United States District Court for the Western District of Washington Local Civil Rule, LCR 3(f) additionally provides that:

**(f) Motions to Recuse**

Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily. If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee. If the motion is directed at the chief judge, or if the chief judge or the chief judge's designee is unavailable, the clerk shall refer it to the active judge with the highest seniority.

Courts have held that, generally, personal bias or prejudice under § 144 or § 455 must stem from an extrajudicial source. *Liteky*, 510 U.S. at 544 (1994); *U.S. v. Hernandez*, 109 F.3d 1450, 1454 (9th Cir. 1997). Thus "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" because they cannot show reliance upon an extrajudicial source. *Liteky*, 510 U.S. at 555. Further, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Thus, Petitioner would need to demonstrate bias stemming from an extrajudicial source or a deep-seated favoritism to provide grounds for recusal under § 144 or § 455. *See U.S. v. Sibla,* 624 F.2d 864, 868-869 (9th Cir. 1980) (court should initially determine whether the facts alleged in the affidavit submitted by the party seeking recusal are legally sufficient to support the motion, and refer the motion to another judge to determine the merits).

Petitioner has failed to offer evidence of any extrajudicial source for the undersigned Magistrate Judge's alleged bias. Nor does he allege any facts or instances demonstrating a "deep-seated bias" that would make fair judgment impossible. Further, Petitioner has done nothing more than make conclusory allegations, which "are insufficient to support a claim of bias or prejudice such that recusal is required." *U.S. v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995) (internal quotations omitted).

The undersigned has done nothing that would create the appearance of personal bias, nor does the undersigned have any reason to be partial to one side or the other in this matter. A reasonable person with knowledge of all the facts would *not* conclude that the undersigned's impartiality might reasonably be questioned. Considering the objective test, the undersigned finds that Mr. Reesman's affidavit of prejudice is legally insufficient, and there is no merit to the motion to recuse. The undersigned declines to recuse herself from this case. *See Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993).

## CONCLUSION

There is no reasonable basis for recusal in this instance. In accordance with LCR 3(f), Petitioner's motion shall be referred to the Chief Judge for a determination of its merits. Accordingly the undersigned **DECLINES** to recuse voluntarily. Plaintiff's motion for recusal of the undersigned is **REFERRED** to Chief Judge Ricardo Martinez for decision and the Clerk of the Court is directed to place the motion for the recusal of the undersigned on Judge Martinez's motion calendar.

This action and all motions currently pending before the Court are hereby **STAYED** pending resolution of the recusal issue. No further motions shall be filed in this matter until the

stay is lifted. Any motion filed while the matter is stayed shall not be considered and shall be dismissed. The Clerk of the Court shall send a copy of this Order to Plaintiff.

Dated this 29th day of January, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER DECLINING TO RECUSE AND REFERRING
PETITIONER'S MOTION TO RECUSE - 5