# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

JOEL PAUL REESMAN,

          Petitioner,

v.

RON HAYNES,

          Respondent.

Case No. C16-5925-BHS-TLF

ORDER

**A.    State Court Record**

On October 19, 2017, the Honorable Benjamin H. Settle issued an order declining to adopt the Report and Recommendation by the Honorable Theresa L. Fricke (Dkt. 23) on the grounds that petitioner's actual innocence claim had not been fully briefed or considered. Dkt. 25. On October 25, 2017, the undersigned issued an order directing the respondent to submit a brief addressing the actual innocence exception to the statute of limitations and allowing petitioner to submit a response. Dkt. 26.

Based on Judge Settle's Order and the briefing submitted on the actual innocence exception, the Court finds it necessary to review the State court record in order to properly address and determine this issue. Accordingly, respondent is directed to file the complete State court record, including all transcripts of the proceedings, on or before **May 11, 2018**.

**B.    Petitioner's "Motion for Nexus" (Dkt. 33), "Motion for Evidentiary Hearing" (Dkt. 35), "Motion to Order the State to Reply to Additional Exceptions to the Time Bar" (Dkt. 36), and "Motion for Extension of Time" to File Replies to State's Responses to these Motions (Dkt. 48)**

ORDER - 1

On February 8, 2018, the Court issued an order re-opening petitioner's "Motion for Nexus" (Dkt. 33), "Motion for Evidentiary Hearing" (Dkt. 35), and "Motion to Order the State to Reply to Additional Exceptions to the Time Bar" (Dkt. 36) and re-noting the motions to March 2, 2018. Dkt. 40. Pursuant to that order respondent was directed to respond to petitioner's motions on or before February 26, 2018, and petitioner was to file replies on or before the noting date of March 2, 2018. *Id.* On February 18, 2018, petitioner filed objections to the Court's order re-opening and re-noting the motions. Dkt. 47. On February 26, 2018, petitioner moved for additional time to file replies to respondent's responses to the above motions due to delays in the prison mail system. Dkt. 48. On March 19, 2018, District Court Judge Benjamin H. Settle issued an order denying petitioner's objections to the order re-opening and re-noting petitioner's motions (Dkt. 40). Dkt. 51.

As the deadlines set by the Court's prior order have now passed while petitioner's objections to the Court's order were being resolved, and in light of the Court's order directing respondent to file the complete State court record, the Court hereby re-notes petitioner's "Motion for Nexus" (Dkt. 33), "Motion for Evidentiary Hearing" (Dkt. 35), and "Motion to Order the State to Reply to Additional Exceptions to the Time Bar" (Dkt. 36) to **May 25, 2018**. Respondent may file responses to these motions on or before **May 11, 2018**, and petitioner may file replies on or before the noting date of **May 25, 2018**. Petitioner's motion for an extension of time to file his replies to the above motions (Dkt. 48) is **GRANTED** to the extent that his replies are due on the new noting date of **May 25, 2018**.

**C.     Petitioner's Motion For Appointment of Counsel (Dkt. 45) and Motion to Proceed *In Forma Pauperis* (Dkt. 46)**

On February 28, 2018, petitioner filed a Motion for Appointment of Counsel (Dkt. 45). In his motion, petitioner asks the Court to appoint counsel because he is indigent and cannot afford

counsel, he is chronically mentally ill, has limited education and no legal experience, he cannot understand complex legal matters, he "has never had effective counsel defend him, ever," and his claims have merit. Dkt. 45, at 1-3. Petitioner also filed a Motion to Proceed *In Forma Pauperis* (Dkt. 46) which appears to be intended to support of his claim of indigency in connection with his Motion for Appointment of Counsel.

"[T]he Sixth Amendment right to counsel does not apply in habeas corpus actions." *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986); *see also Pennyslvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). Appointment of counsel is required "if necessary for the effective utilization of discovery procedures . . . , or if an evidentiary hearing is required." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (citing Rule 6(a) and Rule 8(c), 28 U.S.C. foll. § 2254); *see also Owino v. Napolitano*, 575 F.3d 952, 956 (9th Cir. 2009). A district court also may appoint counsel "under 18 U.S.C. § 3006A at any stage of the case if the interest of justice so requires." *Weygandt*, 718 F.2d at 954. In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "[W]hen the case is so complex that due process violations will occur absent the presence of counsel," counsel must be appointed. *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993). But when the Court "properly declines to hold an evidentiary hearing, the court's denial of a motion to appoint counsel at government expense does not amount to a denial of due process." *Knaubert*, 791 F.3d at 729-30.

Here, petitioner has moved for an evidentiary hearing (Dkt. 35). Because the Court requires the State court record in order to properly evaluate petitioner's actual innocence claim, it

is also not yet clear whether an evidentiary hearing will be required in this case. Upon receipt of the State court record, the Court will be able to properly address whether an evidentiary hearing is required and whether it is appropriate to appoint counsel in this case. Accordingly, petitioner's Motion for Appointment of Counsel (Dkt. 45) and Motion to Proceed *In Forma Pauperis* (Dkt. 46) are also re-noted for consideration to **May 25, 2018**. Respondent may file a response to these motions on or before **May 11, 2018**, and petitioner may file a reply on or before the noting date of **May 25, 2018**.

**D.     Petitioner's "Motion that the Clerk Change its Reporting of Exhibits 1-37 re: Motion for Recusal/Affidavit of Prejudice" (Dkt. 43)**

Petitioner contends that the exhibits (#1-37) he intended as attachments to his "Response to the State's Brief" (Dkt. 32) were mistakenly attached to his "Motion for Recusal/Affidavit of Prejudice" (Dkt. 31). Dkt. 43. He requests that these exhibits (#1-37) be attached to the correct submission, his "Response to the State's Brief" (Dkt. 32). *Id.* Petitioner's motion (Dkt. 43) is **GRANTED**. The Clerk is directed to include the exhibits petitioner references in his motion (numbered by the petitioner as exhibits #1-37 and currently included as pages 50-304 of petitioner's "Motion for Recusal/Affidavit of Prejudice" (Dkt. 31)) as attachments to petitioner's "Response to the State's Brief" (Dkt. 32).

For the reasons discussed specifically above, the Court hereby **ORDERS**:

- Respondent is directed to file the complete State court record, including all transcripts of the proceedings, on or before **May 11, 2018**.

- Petitioner's "Motion for Nexus" (Dkt. 33), "Motion for Evidentiary Hearing" (Dkt. 35), "Motion to Order the State to Reply to Additional Exceptions to the Time Bar" (Dkt. 36), Motion for Appointment of Counsel (Dkt. 45), and Motion to Proceed *In Forma Pauperis* (Dkt. 46) are re-noted to **May 25, 2018**. Respondent's responses to these motions are due

on or before **May 11, 2018**, and petitioner's replies are due on or before the noting date of **May 25, 2018**. Petitioner's Motion for an Extension of Time (Dkt. 48) to file his replies to these motion (Dkts. 33, 35, 36) is **GRANTED** to the extent that his replies are due on the new noting date of **May 25, 2018**.

- Petitioner's "Motion that the Clerk Change its Reporting of Exhibits 1-37 re: Motion for Recusal/Affidavit of Prejudice" (Dkt. 43) is **GRANTED** to the following extent: the Clerk is directed to include the exhibits petitioner references in his motion (numbered 1-37 and currently at pages 50-304 of petitioner's "Motion for Recusal/Affidavit of Prejudice" (Dkt. 31)) as attachments to petitioner's "Response to the State's Brief" (Dkt. 32).

- The habeas petition, including consideration of the parties' supplemental briefing regarding the actual innocence exception to the time-bar, is re-noted for consideration to **May 25, 2018**.

The Clerk shall send a copy of this Order to the petitioner and counsel for respondent.

Dated this 12th day of April, 2018.

Theresa L. Fricke
United States Magistrate Judge