UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOEL PAUL REESMAN,<br><br>                         Petitioner,<br><br>    v.<br><br>RON HAYNES,<br><br>                         Respondent. | No. 3:16-cv-5925-BHS-TLF<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for: June 14, 2019** |

Petitioner Joel Paul Reesman filed a 28 U.S.C. § 2254 habeas petition challenging his 2008 conviction for possession of methamphetamine. Dkt. 14, Ex. 1. Respondent contends that the petition is barred by the federal statute of limitations. Dkt. 15. The only issue presently before the Court is whether the actual-innocence exception to the statute of limitations applies. The Court should find that it does not.

**PROCEDURAL BACKGROUND**

Mr. Reesman pleaded guilty to possession of methamphetamine. Dkt. 15, Ex. 1. In 2008, he was sentenced to 18 months of confinement and 12 months of community custody. *Id.* at 6. The court ordered this sentence to run concurrent with a sentence of life without parole (under Washington's Persistent Offender Accountability Act) for Mr. Reesman's convictions of unlawful possession of a firearm, possession of a machine gun or short barreled shotgun, and possession of methamphetamine (under a separate case). Mr. Reesman completed the

REPORT AND RECOMMENDATION - 1

1  confinement portion of his sentence in 2008. He is currently serving life without parole for his
2  other convictions.
3       In a prior Report and Recommendation, the undersigned magistrate judge summarized
4  the procedural history of petitioner's case, which included a direct appeal and two personal
5  restraint petitions in state court. *See* Dkt. 23. The undersigned recommended granting dismissal
6  of the petition as time-barred under 28 U.S.C. § 2244(d)(1). *Id.*
7       In response to objections by petitioner, the Court declined to adopt that recommendation, finding:

> In this case, Reesman's actual innocence claim has not been fully briefed or considered. Although the Government identified the claim in its motion to dismiss, it did not address the actual innocence exception to the statute of limitations. *See* Dkt. 15. Reesman raised the argument in his response, Dkt. 22 at 4-7, and the Government did not file a reply. Thus, Reesman has raised an exception to a time-barred petition, which has not been responded to or otherwise considered.

Dkt. 25.

     The parties were then directed to submit briefs addressing the actual innocence exception to the statute of limitations. Dkt. 26. Counsel was subsequently appointed for petitioner. Dkt. 69, 75. Petitioner has filed a brief asserting that the actual innocence exception applies, Dkt. 79, and respondent has filed a brief in response, Dkt. 83.

## DISCUSSION

     For petitions challenging custody under a state court judgment and sentence, the Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Mr. Reesman's petition became final on April 20, 2008, when the time for seeking direct review of the March 20, 2008, judgment and sentence ended. *See* Dkt. 23; Washington Rule of Appellate Procedure 5.2(a). The one-year limitations period ran from the next day and expired on April 19, 2009. Mr. Reesman filed his federal habeas petition over seven years later, on May 29, 2016. Dkt. 1 at 15.

In the prior Report and Recommendation, the Court concluded that Mr. Reesman did not present a basis for tolling the statute under § 2244(d)(1) or for equitable tolling of the statute. Dkt. 23.[1] Thus, the only issue presently before the Court is whether petitioner has made a showing of actual innocence.

The Supreme Court has held that an "actual innocence" exception applies to AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013). Under *Schlup v. Delo*, a petitioner must produce sufficient proof of his actual innocence to bring him "within the narrow class of cases . . . implicating a fundamental miscarriage of justice." 513 U.S. 298, 314-15 (1995) (internal quotation marks omitted); *see Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011) (petitioner who makes required showing under *Schlup* can "have his otherwise time-barred claims heard on the merits").

A petitioner claiming actual innocence must "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327. Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). The petitioner must support this claim "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy

---

[1] This finding was not overturned by the Court in declining to adopt the Report and Recommendation, Dkt. 25.

REPORT AND RECOMMENDATION - 3

eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.[2] "New evidence" is evidence that was not before the trial court and is thus newly presented. *Griffin v. Johnson,* 350 F.3d 956, 961 (9th Cir. 2003). It does not need to be newly discovered—that is, discovered after trial or the plea. *Id.*

A petitioner may attack a guilty plea on collateral review in "strictly limited" circumstances, because the interest of finality "has special force with respect to convictions based on guilty pleas." *Bousley*, 523 U.S. at 621 (internal quotation marks omitted).

Mr. Reesman has not made the requisite showing that no reasonable juror would convict him of possessing methamphetamine in light of the evidence he presents. *See Smith v. Baldwin*, 510 F.3d 1127, 1140 (9th Cir. 2007).

Mr. Reesman makes three arguments that he has shown actual innocence: First, he asserts that no reasonable juror would have convicted him if the juror had been informed that a witness against him was a confidential informant and active criminal, drug user, and drug dealer. Dkt. 79, p. 5. Second, petitioner asserts that no reasonable juror would have convicted him if the juror "knew that it was the informant was [sic] smoked methamphetamines and that he did not," and that he instead used it intravenously. Dkt. 79, p. 5. Third, petitioner asserts that no reasonable juror would have convicted him if the juror "knew that the confidential informant 'set him up' with the police so that he would be arrested and charged." Dkt. 79, p. 5.

The facts alleged by the petitioner regarding the witness's confidential informant and drug-related activities are the sort of evidence the jury could weigh as part of a jury's evaluation

---

[2] There is a split in the circuits on the question of whether "new reliable evidence" under *Schlup v. Delo,* 513 U.S. 298, 324 (1995) means "newly discovered" or "newly presented." *Hancock v. Davis,* 906 F.3d 387, 389-90, n.1 (5th Cir. 2018) (citing opinions). The Ninth Circuit has held that "newly presented" is the standard. *Griffin v. Johnson,* 350 F.3d 956, 961 (9th Cir. 2003).

REPORT AND RECOMMENDATION - 4

of the witness's testimony. These facts, even if they are newly presented, would not lead to the conclusion that no reasonable juror would have convicted the petitioner. They do not show that the petitioner is factually innocent. Further, petitioner's alleged method of ingesting drugs is irrelevant to guilt or innocence: these factual allegations do not undermine any element of the crime charged, which was possession of methamphetamine. And the government's alleged use of the witness as a confidential informant to "set up" petitioner would not be evidence that, if presented to a jury, would support the conclusion that no reasonable juror would have found petitioner guilty of possessing methamphetamine. Reliance on confidential informants is a well-recognized law enforcement strategy and would not be the type of evidence that would be so unbelievable that no reasonable juror would have found petitioner guilty. *See Alvarez v. United States,* No. 08-CR-1102 (KMK), No. 14-CV-2491, 2019 WL 1428350 at *6-7 (KMK) (S.D.N.Y. 2019) (finding that facts presented by the petitioner concerning involvement of alleged confidential informant were insufficient to meet the newly presented evidence standard for actual innocence under *Schlup*).

Petitioner's case contrasts with the case he relies on, *Larsen v. Soto*, 742 F.3d 1083 (9th Cir. 2013). There, the petitioner "introduced witnesses who were never called to speak on his behalf at his trial and who gave credible testimony that someone other than Larsen committed the acts for which he was convicted and sentenced." *Id.* at 1096. Mr. Reesman presents no evidence that indicates he did not commit the crime to which he pled guilty and of which was convicted.

In sum, Mr. Reesman's conclusory factual allegations do not establish a prima facie actual-innocence claim under the exacting *Schlup* standard. *See Larsen*, 742 F.3d at 1096 (speculative evidence insufficient to show actual innocence); *Eby v. Janecka*, 349 F. App'x 247,

REPORT AND RECOMMENDATION - 5

249 (10th Cir. 2009) (unpublished) (conclusory allegations of actual innocence insufficient to excuse untimeliness of petition); *Baran v. Hill*, 2010 WL 466153, at *7 (D. Or. 2010) (unpublished) (self-serving and unsupported statements were not "new and reliable" evidence sufficient to prove actual innocence). The factual foundation that is required for this Court to apply the "actual innocence" exception to the statute of limitations has not been met, and the petition is untimely. *See* Dkt. 23. Because Mr. Reesman's petition is time-barred, his petition should be denied without reaching the merits of his claims.

**B.     Certificate of Appealability**

If the District Court adopts this Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, Mr. Reesman should be denied a COA; no jurist of reason could disagree with this Court's decision to dismiss petitioner's habeas petition that was filed beyond the one-year statute of limitations, because petitioner has not made a showing of actual innocence.

## CONCLUSION

Mr. Reesman's federal habeas corpus petition is untimely as his petition was filed more than one year after his state court judgment became final. Petitioner makes no showing of new

REPORT AND RECOMMENDATION - 6

evidence demonstrating it is more likely than not that no reasonable juror would have convicted him. Therefore, his federal habeas petition is barred by the one-year statute of limitations period under 28 U.S.C. § 2244(d) and should be **DISMISSED WITH PREJUDICE**. No evidentiary hearing is required and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 14, 2019**, as noted in the caption.

Dated this 28th day of May, 2019.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7